IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DAVID HAMILTON, | : | |
| Plaintiff, | : | |
| | : | Case No. 3:11cv00102 |
| vs. | : | |
| | : | Magistrate Judge Sharon L. Ovington |
| GORDON J. SPURLING, | : | (pursuant to full consent of the parties) |
| et al., | : | |
| Defendants. | : | |

# DECISION AND ORDER

## I.

Plaintiff David Hamilton brings this case asserting, in part, that Defendants have initiated cellular telephone calls in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227, et seq.; the TCPA's accompanying Regulations; and the Ohio Consumer Sales Practices Act, Ohio Rev. Code §1345, et seq.

Plaintiff names and describes three Defendants: (1) Gordon J. Spurling, a chiropractor licensed by the California Board of Chiropractic Examiners; (2) Midwest Healthcare Management, a business that telemarkets chiropractic services or contracts for the telemarketing of chiropractic services (Defendant Spurling allegedly owns and operates Defendant Midwest); and (3) Westside Therapy Group, also known as Chiropractic Therapy West, is owned and operated by or affiliated with Defendant

Spurling.

Plaintiff seeks, in part, an award of monetary damages totaling $4,200.00.

The case is before the Court upon Motion Defendants' Motion for Judgment on the Pleadings (Doc. #12), Plaintiff's Memorandum Contra (Doc. #17), and the record as a whole.

## II.

Plaintiff alleges that his wife was involved in "a non-injury traffic accident" on March 21, 2011. He further alleges that Defendants obtained a copy of the accident report and began a telemarketing campaign for chiropractic services.

On March 28, 2011 at 9:13 a.m., according to Plaintiff, Defendants initiated a telemarketing call to 937-274-6675 using automatic dialing equipment and artificial or pre-recorded voices. Once the call was answered, a person came on the line and identified herself Denise. Denise stated "that she was calling to follow-up on the traffic accident . . . [and] that she was calling on behalf of Dr. Scott R. Bruce . . . [who] was offering consultations to determine injuries needed to adjust insurance claims for the accident . . . ." (Doc. #1 at ¶14). In his Amended Complaint, Plaintiff partly modifies this allegation by alleging, "Denise stated that she was calling on behalf of Chiropractic Therapy Center . . . ." (Doc. #29 at ¶14).

Plaintiff next explains, "for the sole purpose of discovering the true identity of the caller or principal behind this call, Plaintiff agreed to see the chiropractor." (Doc. #29 at ¶15). Denise scheduled an appointment later that day at 2:00 p.m. with Dr. Scott R.

2

Bruce. Plaintiff alleges that regardless of any affiliation, or not, between Defendants and Dr. Bruce, the phone call constituted "a form of 'cold call' telemarketing." (Doc. #29 at ¶17).

Plaintiff did not go to the 2:00 p.m. appointment on March 28, 2011. He alleges that at 2:52 p.m. Defendants initiated a second telemarketing call to 937-274-6675, again using automatic dialing equipment and artificial or pre-recorded voices. When Plaintiff answered the phone, Denise came on the line and asked why no one had attended the 2:00 p.m. appointment. Plaintiff alleges in his Amended Complaint that Denise "was told to stop calling." (Doc. #29 at ¶18). He asserts in his Complaint, "Undaunted, she scheduled another appointment for 2:00 pm on 3/29/11, again with Dr. Scott R. Bruce." (Doc. #1 at ¶17). This allegation does not appear in the Amended Complaint. *See* Doc. #29 at ¶s 17-20.

Plaintiff maintains that Defendants initiated two more – telemarketing calls to 937-274-6675 – one on March 30, 2011 at 2:40 p.m., the other on March 31, 2011 at 8:38 a.m. – using automatic dialing equipment and Denise. (Doc. #29 at ¶s 19-20). Plaintiff asserts that Denise "was determined to make that sale for Chiropractic Therapy West. She was not successful." (Doc. #29 at ¶20).

### III.

Invoking Fed. R. Civ. P. 12(c), Defendants contend that they are entitled to

3

judgment on the pleadings.[1]

"The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "[A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. A motion brought pursuant to Rule 12(c) is appropriately granted 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (also discussing, in part, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

## IV.

The section of the TCPA presently at issue provides:

Private right of action. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may . . . bring in an appropriate court of that State –

(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such violation, or to receive up to $ 500 in damages for each such violation, whichever is greater, or

---

[1] Although Plaintiff filed an Amended Complaint after Defendants filed their Motion for Judgment on the Pleadings, the Court assumes that Defendants' challenges to the Complaint are likewise lodged against the Amended Complaint.

(C) both such actions.

(Doc. #12 at 67) (quoting 47 U.S.C. §227(c)(5)).

Based on the Complaint's allegations, Defendants contend that no TCPA liability stems from the first alleged telemarketing call, as precisely held in *Chavrat v. GVN Mich., Inc.*, 531 F.Supp.2d 922, 925-26 (S.D. Ohio 2008). This contention is well taken because the plain language of the TCPA prohibits "more than one call within a 12-month period . . ." 47 U.S.C. §227(c)(5). One call alone within a 12-month period does not violate the TCPA, 47 U.S.C. §227(c)(5). *See Chavrat,* 531 F.Supp.2d at 925-26.

Plaintiff counters that the first telemarketing call "counts" towards subsequent TCPA violations. This is correct because *Chavrat* and §227(c)(5) does not wholly omit consideration of the first telemarketing call; it instead establishes that the first call alone – without a later call within 12 months – creates no TCPA liability. *See id*. In short, the first call counts but alone creates no TCPA liability under §227(c)(5).

Defendants contend that TCPA liability does not arise from the second telemarketing call because Plaintiff had previously made (during the first call) an appointment with the chiropractor. He therefore plainly consented to be contacted in regard to this transaction, according to Defendants. (Doc. #12 at 68).

Defendants' contentions do not establish that they are entitled to judgment as a matter of law concerning the second call. Even if Plaintiff's act of scheduling an

5

appointment constituted his "express consent" to further calls from Defendants,[2] this might only aid Defendants in avoiding potential TCPA in connection with the second call. Plaintiff further alleges that during the second call, he told Denise to stop calling. By this directive, which is accepted as true at this stage of the case, *see Tucker*, 539 F.3d at 549, Plaintiff expressly declined to consent to receiving further calls from Defendants. Yet further telemarketing calls then allegedly occurred on March 30, 2011 and again on March 31, 2011 without Plaintiff's express consent exposing Defendants to possible TCPA liability. *See* 47 U.S.C. §227(c)(5).

Tacking in a different direction, Defendants allege that Plaintiff is a former lawyer who surrendered his law license after his theft conviction in 1990. Defendants argue that Plaintiff has abused the privilege of filing pro se lawsuits "by filing a series of frivolous and ill-conceived claims. In so doing, he has often exhibited a demeanor that is both contentious and disrespectful." (Doc. #12 at 66). Defendants' allegations about Plaintiff's misconduct provide no present basis for granting judgment as a matter of law under Fed. R. Civ. P. 12(c). Although Plaintiff may have filed frivolous cases in other courts, he is not listed as vexatious litigator in records of this Court. Defendants, moreover, have not pointed to a judicial Order from this Court or from the United States Court of Appeals for the Sixth Circuit that restricts Plaintiff's ability to file and proceed

---

[2] *Cf.* 47 C.F.R. § 64.1200(a) ("No person or entity may: (1) Initiate any telephone call (other than a call made for emergency purposes or made with the prior <u>express consent</u> of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . .)(emphasis added).

in this Court on his own behalf.

One final note: The observations in the prior paragraph are not intended to suggest that Plaintiff is immune from similar challenges in the future of this case or that Defendants have a factual or legal basis for raising similar challenges in this case. Instead, the observations attach only to the conclusion that Plaintiff's activities in other courts do not warrant judgment on the pleadings in Defendants' favor under Fed. R. Civ. P. 12(c).

Accordingly, Defendants' Motion for Judgment on the Pleadings lacks merit.

## IT IS THEREFORE ORDERED THAT:

Defendants' Motion for Judgment on the Pleadings (Doc. #12) is denied.

December 20, 2011                                s/Sharon L. Ovington
                                                                   Sharon L. Ovington
                                                      United States Magistrate Judge