# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DAVID HAMILTON, | : | |
| Plaintiff, | : | |
| | | Case No.  3:11cv00102 |
| vs. | : | |
| | | Magistrate Judge Sharon L. Ovington |
| GORDON J. SPURLING, | : | (pursuant to full consent of the parties) |
| et al., | | |
| | : | |
| Defendants. | | |
| | : | |

# DECISION AND ORDER

The case is before the Court upon Plaintiff David Hamilton's Motion in Limine to Exclude Evidence of Certain Unsupported and Unsupportable Claims (Doc. #23), Defendants' Memorandum in Opposition (Doc. #24), Plaintiff's Reply Memorandum (Doc. #30), and the record as a whole.

Plaintiff seeks an Order excluding evidence of his prior alleged theft conviction in 1990.  He argues that such evidence must be excluded under Fed. R. Evid. 609(b) because it concerns an alleged conviction that is more than ten years old.  Plaintiff also argues that evidence of the alleged transgression is not relevant to the matters at issue in this case.

Plaintiff's arguments lack merit at the present time because evidence of a conviction that is older than ten years is sometimes admissible – specifically, if the "court determines, in the interests of justice, that the probative value of the conviction supported

by specific facts and circumstances substantially outweighs its prejudicial effect. . . ." Fed. R. Civ. P. 609(b).  Neither that determination nor the relevancy of the alleged theft conviction can be made at this point in the case because discovery is ongoing and the factual record will doubtlessly evolve in the coming months.

   Accordingly, Plaintiff's Motion in Limine (Doc. #23) is DENIED without prejudice to renewal.


December 20, 2011                s/Sharon L. Ovington
                       Sharon L. Ovington
                    United States Magistrate Judge