IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| DAVID HAMILTON, : | |
| : | Case No. 3:11cv00102 |
| Plaintiff, : | |
| : | Chief Magistrate Judge Sharon L. Ovington |
| vs. : | (By full consent of the parties) |
| : | |
| GORDON J. SPURLING, et al., : | |
| : | |
| Defendants. : | |

# ORDER

## I.  INTRODUCTION

Plaintiff David Hamilton brings this case under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.; the TCPA's accompanying Regulations; and the Ohio Consumer Sales Practices Act, Ohio Revised Code § 1345.01, et seq.

This case is presently before the Court upon Plaintiff's Memorandum Regarding Court Ordered Discover; Suggested Sanctions (Doc. #38), and the record as a whole.

## II.  APPLICABLE STANDARDS

Plaintiff requests as a sanction against Defendants, an Order under Fed. R. Civ. P. 36 deeming admitted Plaintiff's Requests for Admission 4, 5, 6, and 11.

Rule 36(a)(1) provides in pertinent part:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) relating to

>(A) facts, application of law to fact, or opinions about either; and
>
>(B) the genuineness of any described documents.

Rule 36(a)(4) instructs:

>If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

If the Court determines that an answer fails to comply with Rule 36(a), the Court "may order either that the matter is admitted or that an amended answer be served . . . ." Fed. R. Civ. P. 36(a)(6).

"Requests for admissions are not a general discovery device." *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986). Rule 36's "proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." *Khami v. Ortho-McNeil-Janssen Pharm., Inc.*, 2011 WL 996781 at *2 (E.D. Mich. Mar. 17, 2011) (citing *Misco*, 784 F.2d at 205) (other citation omitted); *Erie Ins. Prop. & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183 (S.D.W. Va. 2010) ("Rule 36(a)'s primary purposes are 'to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.'"). "Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its

2

opponent to concede their genuineness." 8B Wright, Miller, & Marcus, Federal Practice & Procedure, § 2253 (3d Ed. 2010) (citing *Misco*, 784 F.2d at 205; other citations omitted).

### III.  DISCUSSION

Generally, Plaintiff argues Defendants' responses to Requests for Admission 4, 5, 6, and 11 are not responsive and not made in good faith. (Doc. #38).

#### A.    Plaintiff's Request for Admission 4

Request 4 asked Defendants to admit or deny the following:

> That telephone number 937-274-6675 was placed on the National Do Not Call Registry on June 30, 2003 and was most recently re-registered on September 22, 2007 and has remained on said Registry at all times since.

Defendants responded:

> Defendants have no information sufficient to admit or deny this Request.

This response is insufficient. Rule 36(a)(4) permits Defendants to assert their lack of knowledge or information as a basis for failing to admit or deny a response, but when doing so, Defendants must state that they have "made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Defendants did not answer accordingly. Request 4 is therefore deemed admitted.

#### B.    Plaintiff's Request for Admission 5

Request 5 asked Defendants to admit or deny the following:

> There is [sic] has never been an existing business relationship between the defendants or any of them and Plaintiff or anyone using telephone number

3

> 937-274-6675.

Defendants responded:

> Deny.

Defendants' response is sufficient. Plaintiff is seeking an admission of law regarding whether Defendants ever had an "existing business relationship" with Plaintiff or anyone using telephone number 937-274-6675. *See* 47 C.F.R. § 64.1200(f)(4). A request for admissions of law is inappropriate. *See Reichenbach v. City of Columbus*, 2006 WL 143552 at *2 (S.D. Ohio Jan. 19, 2006) (King, M.J.) ("'a request for admission which involves a pure matter of law, that is, requests for admissions of law which are related to the facts of the case, are considered inappropriate.'" (citation omitted)).

### C. Plaintiff's Request for Admission 6

Request 6 asked Defendants to admit or deny the following:

> That neither Plaintiff nor anyone using telephone number 937-274-6675 has given prior express consent to be called to Defendants or any of them.

Defendants responded:

> Deny.

Defendants' response is sufficient. Plaintiff is again seeking an admission of law regarding whether Defendants ever provided "prior express consent." This is a question to be decided by the Court. *See Pimental v. Google, Inc.*, 2012 U.S. Dist. LEXIS 58629, *9-10 (N.D. Cal. Apr. 26, 2012) (Noting a "[a] district court is suited

to resolve issues of statutory interpretation of the phrase 'prior express consent'" as such term is not defined under the TCPA.).

### D. Plaintiff's Request for Admission 11

Request 11 asked Defendants to admit or deny the following:

> That the telephone equipment used to make the telephone solicitations described in Requests No. 7, 8, 9 and 10, above, has voice pre-recording capability and automatic dialing capability.

Defendants responded:

> Deny.

Defendants' response is sufficient. Plaintiff is seeking an admission of law regarding whether Ms. Bagley's calls constitute "telephone solicitations" and whether her cell phone meets the definition of an "automatic telephone dialing system" under the TCPA. *See* 47 U.S.C. § 227(a)(1), (4). Such requests for admissions of law are inappropriate.

### IT IS THEREFORE ORDERED THAT:

Plaintiff's Memorandum Regarding Court Ordered Discovery; Suggested Sanctions (Doc. #38) is GRANTED, in part, to the extent Request for Admission 4 is deemed admitted, and DENIED in all remaining parts.

March 20, 2013

                                                 s/Sharon L. Ovington
                                                    Sharon L. Ovington
                                   Chief United States Magistrate Judge